IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SONNY FUENTES,          ) | Civ. No. 08-00095 ACK-KSC |
|          ) | Cr. No. 95-00534 ACK |
|    Petitioner,    ) | |
|          ) | |
|   v.         ) | |
|          ) | |
| UNITED STATES OF AMERICA,  ) | |
| ALAN C. KAY, DAVID DUNCAN,  ) | |
| HARLEY G. LAPPIN,     ) | |
|          ) | |
|    Respondents.   ) | |
| _____) | |

## ORDER DISMISSING PETITIONER'S HABEAS CORPUS PETITION FOR LACK OF JURISDICTION

On February 27, 2008, Sonny Fuentes ("Petitioner")
filed a pleading in this Court entitled "Petition for Writ of
Habeas Corpus By Person in Federal Custody, Pursuant to 'the
Judiciary Act of February 5th, 1867, c 28, § 1, 14 Stat 385-384',
as Quoted in Fay v. Noia, 372 US 391, 441-443 (1963)"
("Petition").  Tried and sentenced in this Court over ten years
ago, Petitioner is currently incarcerated at the Federal
Correctional Institution in Safford, Arizona.  Petitioner now
alleges that he is being held in custody in violation of his
constitutional rights because there was no reference to subject
matter jurisdiction in his indictment or in the record of his
criminal proceedings.  See Petition 1-2.  For reasons discussed
infra, the Court construes the Petition as a successive motion
under 28 U.S.C. § 2255 and dismisses it for lack of

jurisdiction.[1]

## BACKGROUND

On May 24, 1995, a grand jury for the District of Hawaii returned a ten-count indictment against Petitioner.  Count 1 charged Petitioner with conspiring to distribute and possess with intent to distribute in excess of 100 grams of methamphetamine or "ice."  Counts 2 and 3 charged Petitioner with intentionally distributing and possessing with intent to distribute in excess of 10 grams of methamphetamine.  Counts 4 and 5 charged Petitioner with distributing, and possessing with intent to distribute, in excess of 10 grams of methamphetamine. Counts 6 and 7 charged Petitioner with intentionally distributing and possessing with intent to distribute in excess of 100 grams of methamphetamine.  Counts 8, 9, and 10 charged Petitioner with assault on a federal agent.

Petitioner was tried in this Court and on September 22, 1995, the jury found Petitioner guilty on all ten counts of the indictment.  On March 15, 1996, Petitioner was sentenced to a total of 235 months imprisonment as to Counts 1 through 7, and 120 months as to Counts 8 through 10, all terms to be served

---

[1] The Court finds this matter suitable for disposition without a hearing.  See Local Rule 7.2(d) ("The court, in its discretion, may decide any motion without a hearing"); see also 28 U.S.C. § 2255 (stating that a hearing is not required if the motion and records of the case conclusively indicate that the petitioner is not entitled to relief).

concurrently.

Petitioner filed a Notice of Appeal on April 4, 1996. In his direct appeal, Petitioner challenged the limitation of his right to cross examine a government witness named Benjamin Tabada who had asserted his Fifth Amendment right to silence. Petitioner also asserted that since Tabada had remained silent, the jury should not have considered his testimony at all. Petitioner's conviction was nonetheless affirmed by the Ninth Circuit on November 26, 1997.

Subsequent to the Ninth Circuit's decision, Petitioner filed various motions, including motions for enlargement of time in which to file a motion under § 2255. On January 22, 1999, the Court granted Petitioner until February 22, 1999 to file his § 2255 motion. The Court subsequently granted Petitioner an additional enlargement of time, extending his filing deadline to March 24, 1999.

On March 17, 1999, Petitioner filed a Motion to Amend § 2255, which the Court construed as Petitioner's § 2255 Motion. On July 6, 1999, the Court denied Petitioner's § 2255 Motion. On September 14, 1999, Petitioner filed a Motion entitled "Appellate Review of Denied § 2255 Motion by Title 28 Sections 2106 and 2244," with the Ninth Circuit. Subsequently, on May 18, 2000, believing his previous Motion had been filed with the District Court, Petitioner filed a "Motion to Amend Petitioner's

Petition."  The Court construed the Motion as a second or subsequent § 2255 Motion and dismissed the motion without prejudice on July 17, 2000.  Petitioner then filed a "Motion for Review and Reconsideration of Dismissal Order" on August 11, 2000.  On August 14, 2000, the Court denied the Motion for Reconsideration.

On October 24, 2000, Petitioner filed a Petition for Certificate of Appealability in order to appeal the July 6, 1999 denial of his § 2255 Motion.  On November 27, 2000, the Court denied Petitioner's motion and encouraged him to follow up with the Ninth Circuit as to the status of his original Appeal, and/or to obtain authorization to file a second or successive petition from the Ninth Circuit.[2/]

On June 18, 2001, the Ninth Circuit denied Petitioner's request for a certificate of appealability.  On July 16, 2001, the Ninth Circuit denied Petitioner's application for authorization to file a second or successive 2255 motion in the district court.  The Ninth Circuit found that Petitioner had not made a prima facie showing of (1) newly discovered evidence; or (2) a new rule of constitutional law.

On February 27, 2008, Petitioner filed the instant

---

[2/] On January 2, 2001, Petitioner filed another Petition for Certificate of Appealability.  On January 25, 2001, Petitioner filed a "Petition for Permission to Appeal [the November 27, 2000 Order Denying] Petitioner's Petition for Certificate of Appealability."

Petition with this Court.  Petitioner filed an identical petition
with the U.S. District Court for the District of Arizona on March
5, 2008.  On March 19, 2008, this Court directed the Government
to file a response to the Petition within thirty days.  On April
9, 2008, the District of Arizona issued an order construing the
petition as an action under § 2241 and dismissing with leave to
file an amended petition on the court-approved form for § 2241
petitions within thirty days.[3/]

On April 17, 2008, the Government filed a "Response to
Defendant's Petition for Writ of Habeas Corpus" ("Response"),
requesting that this Court construe the Petition as a § 2255
motion and dismiss it as a successive § 2255 motion which was
filed without prior authorization from the Ninth Circuit.  On May
2, 2008, Petitioner filed a "Reply to the Government's Response
and Motion for Declaratory Judgment F.R.C.P. Rule 57" ("Reply").
In his Reply, Petitioner claims that the Petition is not an
"action under § 2255" but rather "is filed pursuant to the
[Habeas Corpus] Judiciary Act of February 5th, 1867 as quoted in
Fay v. Noia, 372 US 391, 441-443 (1963)."  See Reply at 2

---

[3/] On May 1, 2008, instead of re-filing his petition on the
court-approved form for § 2241 actions as encouraged by the
District of Arizona, Petitioner filed a pleading entitled "Motion
for Relief from Order Pursuant to F.R.C.P. Rule 60(b)(4) and Rule
60(b)(6)."

(brackets in original).[4/]

## DISCUSSION

Before proceeding to any other issue, the Court must determine whether it has jurisdiction over the instant Petition. See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). This determination hinges on whether the Petition was filed pursuant to § 2255 or 28 U.S.C. § 2241. Id. "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Id. at 864; see also Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008).

The general rule is that a federal prisoner may only challenge the legality of his sentence by filing a motion pursuant to § 2255. Harrison, 519 F.3d at 954. The one exception to this rule is known as the "escape hatch" of § 2255. Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). The escape hatch allows a federal prisoner to "file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the

---

[4/] In this Order, the Court refers exclusively to Petitioner's original Reply filed on May 2, 2008, as additional replies filed on May 2, 2008 and May 5, 2008 appear to be substantively identical.

legality of his detention.'"  <u>Hernandez</u>, 204 F.3d at 864-65
(quoting 28 U.S.C. § 2255).  If a habeas petition qualifies for
the escape hatch, jurisdiction lies with the custodial court.
<u>See Harrison</u>, 519 F.3d at 956.

Based on the caption of the Petition and Petitioner's
assertion that the Petition is not a § 2255 filing, Petitioner
appears to want his Petition construed as a § 2241 filing.  The
Government, however, characterizes the Petition as a thinly
disguised attempt to file a second or successive § 2255 motion
without obtaining the proper authorization from the Ninth
Circuit.  The Court agrees with the Government.

The Court finds that Petitioner has not demonstrated
that he is entitled to relief under § 2241.  In challenging the
presence of subject matter jurisdiction in his criminal case,
Petitioner contests the legality of his sentence rather than the
conditions of the execution of his sentence.  Petitioner does not
qualify for the escape hatch of § 2255 because he fails to
advance any arguments as to why a remedy under § 2255 is
inadequate or ineffective.  <u>See Hernandez</u>, 204 F.3d at 865
(quoting 28 U.S.C. § 2255).  In the Ninth Circuit, a motion
qualifies for the escape hatch of § 2255 "when a petition (1)
makes a claim of actual innocence, and (2) has not had an
unobstructed procedural shot at presenting that claim."  <u>See
Stephens v. Herrera</u>, 464 F.3d 895, 897 (9th Cir. 2006).  The

7

instant Petition fails to meet this test, as Petitioner's claims relate only to the Court's alleged lack of jurisdiction and not to his innocence.

In any event, the District of Arizona has construed an identical Petition filed by Petitioner as a § 2241 filing. Whether or not he chooses to follow that court's advice and re-file his Petition on the court-approved form, Petitioner has been afforded an opportunity to properly file a § 2241 petition with the custodial court.

Because the Petition does not qualify for the escape hatch of § 2255, the Court must deem the Petition as a motion under § 2255.  Petitioner did not allege any jurisdiction-related arguments in his original § 2255 motion.  Moreover, the Court denied Petitioner's original § 2255 motion on July 6, 1999.  The Court thus construes the instant Petition as a second or successive one as provided by 28 U.S.C. § 2244.  Accordingly, before the Petition can be considered on the merits by this Court, Petitioner must obtain authorization to file a second or successive petition from the Ninth Circuit by making a prima facie showing of the requirements enumerated in § 2244.  See 28 U.S.C. 2244(b)(3)(A); see also id. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . .").  Petitioner has not submitted such authorization.  Therefore, the

Court dismisses the Petition for lack of jurisdiction.  <u>See</u>
<u>Harrison</u>, 519 F.3d at 961-62 (affirming the district court's
dismissal of a disguised, successive § 2255 motion for lack of
jurisdiction because it had not been authorized by the Ninth
Circuit).

 As a final matter, the Court notes that Petitioner's
claim appears to be meritless.  Petitioner claims that his
indictment was devoid of any jurisdictional clauses or elements.
<u>See</u> Petition at 2.  This is not the case, as the indictment
clearly names Petitioner and states with respect to each count
that the relevant events took place in the District of Hawaii.[5/]
<u>See</u> <u>generally</u> Response at Ex. A.

<b><u>CONCLUSION</u></b>

 Based on the foregoing, it is hereby ORDERED that
Petitioner's ""Petition for Writ of Habeas Corpus By Person in
Federal Custody, Pursuant to 'the Judiciary Act of February 5th,
1867, c 28, § 1, 14 Stat 385-384', as Quoted in Fay v. Noia, 372
US 391, 441-443 (1963)" be dismissed for lack of jurisdiction.
Petitioner may request authorization to file a second or
successive § 2255 motion from the Ninth Circuit.  However, the
Court cautions Petitioner that such an effort will likely be
unsuccessful, as Petitioner would need to demonstrate the

---

[5/] The Court further notes, as it did in its July 17, 2000
Order, that this Petition is undoubtedly barred by the one-year
period of limitation for § 2255 motions.

9

existence of newly discovered evidence or a new rule of constitutional law.  See 28 U.S.C. § 2255.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 15, 2008.



_____
Alan C. Kay
Sr. United States District Judge


Fuentes v. United States, Civ. No.  08-00095 ACK-KSC; Cr. No. 95-00534 ACK, Order Dismissing Petitioner's Habeas Corpus Petition for Lack of Jurisdiction.