IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SONNY FUENTES, ) | Civ. No. 08-00095 ACK-KSC |
| ) | Cr. No. 95-00534 ACK |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ALAN C. KAY, DAVID DUNCAN, ) | |
| HARLEY G. LAPPIN, ) | |
| ) | |
| Respondents. ) | |
| ) | |

**ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY**

On February 15, 2008, Sonny Fuentes ("Petitioner") filed a petition for habeas corpus ("Petition") in this Court. In an Order dated May 15, 2008, the Court construed the Petition as a successive motion under 28 U.S.C. § 2255 and dismissed it for lack of jurisdiction ("May 2008 Order"). On June 2, 2008, Petitioner filed a timely Notice of Appeal.[1]

The Court treats this Notice of Appeal as a request for a Certificate of Appealability ("COA"). See Fed R. App. P. 22(b)(1) ("If an applicant files a notice of appeal, the district court judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue."). Before appealing a final order in a § 2255 proceeding, a petitioner must obtain a COA. See 28 U.S.C. §

---

[1] The full history of this case is set out in the May 2008 Order and previous orders and will not be repeated herein.

2253(c)(1)(B).  A court may only issue a COA if the petitioner has made a "strong showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

In the May 2008 Order, the Court dismissed the Petition on procedural grounds - lack of jurisdiction - without addressing the merits of Petitioner's constitutional claims.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  To obtain a COA under such circumstances, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id. at 484; see also Petrocelli v. Angelone, 248 F.3d 877, 883-84 (9th Cir. 2001).

The Court concludes that Petitioner fails to satisfy this test.  He makes no showing that he is entitled to a COA and his Notice of Appeal provides no explanation of the grounds for his appeal.  As previously noted in the May 2008 Order, the sole claim in the Petition appears to be meritless.  Petitioner alleges that his indictment failed to set forth jurisdiction, yet the indictment clearly stated with respect to each count that the relevant events took place in the District of Hawaii.  Given this contradiction, a reasonable jurist would not find it debatable whether the Petition presents a valid claim for the denial of a

constitutional right.

Moreover, Petitioner fails to show that a reasonable jurist would debate the propriety of the Court's procedural ruling.  The Court construed the Petition as a § 2255 motion because Petitioner challenged the legality of his sentence, not the conditions of his sentence's execution.  See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam).  Furthermore, Plaintiff did not establish that he qualified for the "escape hatch" of § 2255, which would allow him to file a habeas petition pursuant to § 2241.  See Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).  He offered no argument that his remedy under § 2255 was "inadequate or ineffective to test the legality of his detention."  See Hernandez, 204 F.3d at 864-65 (quoting 28 U.S.C. § 2255).  And as Petitioner had already filed at least one § 2255 motion, he needed to obtain authorization from the U.S. Court of Appeals for the Ninth Circuit before filing another one.  See 28 U.S.C. 2244(b)(3)(A).  Based on precedent and the procedural history of Petitioner's case, the Court is confident that its procedural ruling to dismiss for lack of jurisdiction was sound.[2]

---

[2] Another basis for the Court's ruling was that Petitioner had filed an identical petition with the U.S. District Court for the District of Arizona.  That court construed his filing as a § 2241 habeas petition.  Thus, Petitioner had an opportunity to file a habeas petition pursuant to § 2241 with the custodial court.

The Court adds that Petitioner is undoubtedly aware of the COA requirement. This Court previously denied his request for a COA in November of 2000. See Order Denying Petition for Certificate of Appealability, Civ. No. 99-00172 ACK; Cr. No. 95-00534 ACK (Nov. 27, 2000). In addition, the Ninth Circuit denied Petitioner's request for a COA in June of 2001. See United States of America v. Fuentes, No. 01-15631 (9th Cir. June 18, 2001).

Accordingly, Petitioner's request for a COA is DENIED. Petitioner is advised that this denial does not prevent him from requesting a COA directly from the Ninth Circuit. See Fed. R. App. P. 22(b); 28 U.S.C. § 2253(C)(1).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 12, 2008.

_____
Alan C. Kay
Sr. United States District Judge

Fuentes v. United States, Civ. No. 08-00095 ACK-KSC; Cr. No. 95-00534 ACK, Order Denying Request for Certificate of Appealability.