IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SONNY FUENTES | ) | Civ. No.  99-00172 ACK |
| | ) | Civ. No.  08-00095 ACK-KSC |
| Petitioner, | ) | Cr. No.  95-00534 ACK |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER DISMISSING PETITIONER'S MOTION TO AMEND PETITIONER'S PETITION AND DENYING PETITIONER'S RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT

On January 29, 2009, Petitioner Sonny Fuentes ("Petitioner") filed a Motion to Amend Petitioner's Petition ("Petition") pertaining to Petitioner's original § 2255 petition filed on March 17, 1999.  Petitioner also filed a Motion for Relief from Judgment Pursuant to Federal Rules of Civil Procedure 60(b)(4) and (6) ("Motion").  This Court has reviewed the Petition and the Motion, and hereby DISMISSES the Petition and DENIES the Motion.

### BACKGROUND

On May 24, 1995, a grand jury for the District of Hawaii returned a ten-count indictment against Petitioner. Response Ex. A.  Count 1 charged Petitioner with conspiring to distribute and possess with intent to distribute in excess of 100 grams of methamphetamine or "ice."  Id.  Counts 2 and 3 charged

Petitioner with intentionally distributing and possessing with intent to distribute in excess of 10 grams of methamphetamine. Id.  Counts 4 and 5 charged Petitioner with distributing, and possessing with intent to distribute, in excess of 10 grams of methamphetamine.  Id.  Counts 6 and 7 charged Petitioner with intentionally distributing and possessing with intent to distribute in excess of 100 grams of methamphetamine.  Id. Counts 8, 9, and 10 charged Petitioner with assault on a federal agent.  Id.

Petitioner was tried in this Court and on September 22, 1995, the jury found Petitioner guilty on all ten counts of the indictment.  On March 15, 1996, Petitioner was sentenced to a total of 235 months imprisonment as to Counts 1 through 7, and 120 months as to Counts 8 through 10, all terms to be served concurrently.

Petitioner filed a Notice of Appeal on April 4, 1996. In his direct appeal, Petitioner challenged the limitation of his right to cross examine a government witness named Benjamin Tabada who had asserted his Fifth Amendment right to silence. Petitioner also asserted that since Tabada had remained silent, the jury should not have considered his testimony at all. Petitioner's conviction was nonetheless affirmed by the Ninth Circuit on November 26, 1997.  See United States v. Fuentes, 131 F.3d 149 (9th Cir. 1997) (unpublished).  Subsequent to the Ninth

Circuit's decision, Petitioner filed various motions, including motions for enlargement of time in which to file a motion under § 2255.  On January 22, 1999, the Court granted Petitioner until February 22, 1999 to file his § 2255 motion.  The Court subsequently granted Petitioner an additional enlargement of time, extending his filing deadline to March 24, 1999.

On March 17, 1999, Petitioner filed an "Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence," which the Court construed as Petitioner's § 2255 Motion.  On July 6, 1999, the Court denied Petitioner's § 2255 Motion.  Response Ex. B.  On September 14, 1999, Petitioner filed a Motion entitled "Appellate Review of Denied § 2255 Motion by Title 28 Sections 2106 and 2244," with the Ninth Circuit.  Subsequently, on May 18, 2000, believing his previous Motion had been filed with the District Court, Petitioner filed a "Motion to Amend Petitioner's Petition."  The Court construed the Motion as a second or subsequent § 2255 Motion and dismissed the motion without prejudice on July 17, 2000.  Petitioner then filed a "Motion for Review and Reconsideration of Dismissal Order" on August 11, 2000.  On August 14, 2000, the Court denied the Motion for Reconsideration.  Response Ex. C.

On October 24, 2000, Petitioner filed a Petition for Certificate of Appealability in order to appeal the July 6, 1999 denial of his § 2255 Motion.  On November 27, 2000, the Court

denied Petitioner's motion and encouraged him to follow up with the Ninth Circuit as to the status of his original Appeal, and/or to obtain authorization to file a second or successive petition from the Ninth Circuit.[1]  Response Ex. D.

On June 18, 2001, the Ninth Circuit denied Petitioner's request for a certificate of appealability.  Response Ex. E.  On July 16, 2001, the Ninth Circuit denied Petitioner's application for authorization to file a second or successive § 2255 motion in the district court.  Motion Ex. F.  The Ninth Circuit found that Petitioner had not made a prima facie showing of (1) newly discovered evidence; or (2) a new rule of constitutional law.

On February 27, 2008, Petitioner filed a pleading in this Court entitled "Petition for Writ of Habeas Corpus By Person in Federal Custody, Pursuant to 'the Judiciary Act of February 5th, 1867, c 28, § 1, 14 Stat 385-384,' as Quoted in Fay v. Noia, 372 US 391, 441-443 (1963)".[2]  Construing the pleading as yet

---

[1] On January 2, 2001, Petitioner filed another Petition for Certificate of Appealability.  On January 25, 2001, Petitioner filed a "Petition for Permission to Appeal [the November 27, 2000 Order Denying] Petitioner's Petition for Certificate of Appealability."

[2] Petitioner filed an identical petition with the U.S. District Court for the District of Arizona on March 5, 2008. Response Ex. H.  On April 9, 2008, the District of Arizona issued an order construing the petition as an action under § 2241 and dismissing with leave to file an amended petition on the court-approved form for § 2241 petitions within thirty days.  Response Ex. I.  On May 1, 2008, instead of re-filing his petition on the court-approved form for § 2241 actions as encouraged by the Arizona district judge, Petitioner filed a pleading entitled

4

another successive § 2255 petition, this Court dismissed the pleading on May 15, 2008.  Subsequently, on June 2, 2008, Petitioner filed a Notice of Appeal.  The Court construed this filing as a request for a certificate of appealability and denied such request on June 12, 2008.  Response Ex. J.

On January 20, 2009, the Ninth Circuit again denied Petitioner's request for a certificate of appealability, ruling that "[a]ll outstanding motions and requests are denied as moot." Response Ex. K.  On January 29, 2009, Petitioner filed the instant Petition and Motion.  Petitioner also filed a pleading entitled "Judicial Notice Pursuant to Federal Rules of Evidence 201."[3]  On March 4, 2009, the United States (the "Government") filed a Response to the Petition and Motion ("Response").  On March 23, 2009, Petitioner filed a Reply Brief to the Government's Response ("Reply") and an accompanying Motion for this Court to take Judicial Notice.[4]  Finally, on March 30,

---

"Motion for Relief from Order Pursuant to F.R.C.P. Rule 60(b)(4) and Rule 60(b)(6)."  The Arizona district court denied this Rule 60(b) motion on May 30, 2008.

[3] The judicial notice filing requested that the Court take judicial notice of Petitioner's request under the Freedom of Information Act ("FOIA") to the Honolulu Police Department, and the Police Department's response to that request.  The FOIA request sought, inter alia, the records of a police report on the arrest of Benjamin Tabada, the government's witness in Petitioner's trial.

[4] This second motion for judicial notice requested that the court take judicial notice of Judge Reinhardt's opinion, concurring in part and dissenting in part, in the Ninth Circuit's

2009, Petitioner filed a Motion to Clarify Motion to Amend together with another "Motion to Amend Petitioner's Petition."[5]

### STANDARD

Pursuant to Section 2255, a court must vacate and set aside a judgment and discharge the prisoner, or resentence the prisoner, or grant a new trial, or correct the sentence, if the court finds any one of the following: the judgment was rendered without jurisdiction; the sentence imposed was not authorized by law or otherwise open to collateral attack; or there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.  28 U.S.C. § 2255.

A court shall hold an evidentiary hearing on a motion under Section 2255 "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  "A court may entertain and determine such [a] motion without requiring the production of the prisoner at the hearing."  Id.  In short,

> The standard essentially is whether the movant has made specific factual allegations that, if true, state a claim

---

November 26, 1997 decision on Petitioner's appeal.

[5] This second Motion to Amend Petitioner's Petition does not appear to alter Petitioner's substantive arguments and is merely an amendment to correct typographical and formatting errors.  Because the Court can see no substantive difference between the January 29 and March 30 Motions to Amend Petitioner's Petition, they will be treated as one Petition.

> on which relief could be granted.  A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.

United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984) (citations omitted); Shah v. United States, 878 F.2d 1156, 1158 (9th Cir. 1989); see also United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986) ("Where a prisoner's motion presents no more than conclusory allegations, unsupported by facts and refuted by the record, an evidentiary hearing is not required.").

The Ninth Circuit recognizes that even when credibility is at issue, no evidentiary hearing is required if it can be "'conclusively decided on the basis of documentary testimony and evidence in the record.'"  Shah, 878 F.2d at 1159 (quoting United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir. 1989)).  In addition, judges may use discovery, documentary evidence, and their own notes and recollections of the plea hearing and sentencing process to supplement the record.  Shah, 878 F.2d at 1159.  "Judges may also use common sense."  Id.  The choice of method for handling a Section 2255 motion is left to the discretion of the district court.  See id. (citing Watts v. United States, 841 F.2d 275, 277 (9th Cir. 1988)).

As discussed below, the Court finds that Petitioner's arguments lack merit.  Because the record conclusively shows that

Petitioner is not entitled to relief, a hearing is not warranted in this case.

## **DISCUSSION**

On at least two prior occasions, this Court has dismissed Petitioner's successive § 2255 petitions because he has failed to first obtain authorization from the Ninth Circuit to file such a petition.  The instant Petition is the most recent example of Petitioner's continuing failure to obtain Ninth Circuit approval for a successive § 2255 petition.  A review of the Petition reveals that this Court does not have jurisdiction to rule on the Petition because it must be construed as another successive § 2255 petition.  Petitioner has not been properly authorized by the Ninth Circuit to file such a successive petition.  Accordingly, the Court must dismiss the Petition.

As to the Motion, Petitioner raises two arguments for relief from judgment pursuant to Fed. R. Civ. P. 60(b) ("Rule 60(b)").  The second argument states a claim for a successive § 2255 petition and thus the Court denies the Motion as to this argument because Petitioner failed to first obtain Ninth Circuit authorization.  The Motion's first argument, however, challenges the integrity of the original § 2255 habeas proceeding itself, and thus should not be construed as a claim for a successive § 2255 petition.  However, because Petitioner has not raised this

argument in a timely manner, he is barred from raising it now and the Court denies the Motion as to this argument as well.

**I. The Court Lacks Jurisdiction to Rule on the Petition Because it Must be Construed as a Successive § 2255 Petition Without Authorization from the Ninth Circuit**

Federal prisoners may challenge the legality of a sentence by filing a motion pursuant to 28 U.S.C. § 2255. Harrison v. Ollison, 519 F.3d 952, 954 (9th Cir. 2008). Petitioner already filed such a petition (Petitioner's first § 2255 petition) and the Court denied that petition on July 6, 1999. Because this Court previously denied the original § 2255 petition filed by Petitioner, and because this Court subsequently dismissed two successive petitions by Petitioner, the Court must construe the instant Petition (i.e., the Motion to Amend Petitioner's Petition) as another successive one as provided by 28 U.S.C. § 2244.[6]

Therefore, before the Petition can be considered on the merits by this Court [7], Petitioner must obtain authorization to

---

[6] Petitioner's prior two successive petitions were entitled "Motion to Amend Petitioner's Petition" and "Petition for Writ of Habeas Corpus By Person in Federal Custody, Pursuant to 'the Judiciary Act of February 5th, 1867, c 28, § 1, 14 Stat 385-384,' as Quoted in Fay v. Noia, 372 US 391, 441-443 (1963)." The instant Petition is also entitled "Motion to Amend Petitioner's Petition."

[7] Though not completely clear, the Petition appears to allege that Petitioner's constitutional rights were violated: (1) by the Government's alleged use of perjured testimony, (2) by the Court's failure to exclude Benjamin Tabada's testimony, and (3) because Petitioner was denied the right to adequately cross-

file a successive petition from the Ninth Circuit by making a prima facie showing of the requirements enumerated in § 2244. See 28 U.S.C. § 2244(b)(3)(A); see also id. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."). Petitioner has not submitted such authorization. Accordingly, the Petition must be dismissed.[8]

**II.  Petitioner's First Argument in His Rule 60(b) Motion is Not a Successive § 2255 Petition But His Second Argument Must be Construed as a Claim for a Successive § 2255 Petition.**

In addition to the Petition, Petitioner has filed a separate Motion pursuant to Rule 60(b) in which he asserts that he is entitled to relief from the Court's earlier judgment on his original § 2255 petition. A Rule 60(b) Motion for relief from judgment on a habeas petition is generally treated as a successive § 2255 petition because the "use of Rule 60(b) would

---

examine Tabada (partly due to alleged government failure to disclose Tabada's prior arrest records) and DEA agent Daniel Moore. This does not appear to be the first time that Petitioner has raised these arguments. In fact, many of the issues that Petitioner is currently raising are essentially the same as the ones he raised in his original § 2255 petition. See Response Ex. B. Moreover, the Court notes that Petitioner was in fact able to cross-examine Tabada on his prior arrest record because that record was disclosed to Petitioner by the government during trial. See Response Ex. L at 2. Regardless, before this Court can begin to evaluate Petitioner's claims, Petitioner must first obtain authorization from the Ninth Circuit.

[8] The Court also notes that Petitioner's motion may be barred by the one-year period of limitation provided by in U.S.C. § 2255.

[otherwise] impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005); Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998) ("In most cases when the factual predicate for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. § 2244(b), as it does in this case, the Rule 60(b) motion should be treated as a successive habeas petition.").

In establishing this general rule, the Supreme Court explained that a 60(b) motion should be treated as a successive habeas petition where the motion "advances one or more 'claims,'" i.e., where a motion "seeks to add a new ground for relief," or where the motion "attacks the federal court's previous resolution of a claim on the merits." Gonzalez, 545 U.S. at 532. The exception to this rule is where a 60(b) motion for relief from judgment on a habeas petition "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Id. In that case, the 60(b) motion should not be treated as a successive petition, and the Court should proceed under Rule 60. Id.

Here, the Motion first argues that the Government made fraudulent representations within its briefing on Petitioner's original § 2255 petition. Specifically, Petitioner contends that

11

the Government improperly and fraudulently framed the issues to this Court in responding to the original petition ("fraud argument").  See Motion at 4 (alleging that Petitioner's original § 2255 petition "was denied due to 'prosecutorial fraud,' when the government misl[ed] the court into believing that [Petitioner] was attempting to advance and expand the issues that he already raised on his direct appeal").  The Court finds that this argument does in fact challenge the integrity of the habeas proceeding itself; therefore, the fraud argument within the Motion should not be construed as a claim for a successive § 2255 petition.  See Gonzalez, 545 U.S. at 532 n.5 ("Fraud on the federal habeas court is one example of such a defect [in the habeas proceeding that is properly addressed under a 60(b) motion].").  Therefore, Petitioner may properly raise the fraud argument as a Rule 60(b) motion and the Court will not construe this part of the Motion as a successive § 2255 petition.  However, as discussed more thoroughly in the following section, the Court denies the Motion as to the fraud argument under Rule 60(c)(1).

        In addition to the fraud argument, the Motion also seeks relief on the basis that Petitioner's appellate counsel was ineffective in arguing his confrontation rights on appeal ("ineffective counsel argument").  See Motion at 8.  The Court must construe this argument as one to be made within a successive

§ 2255 petition because Petitioner could have raised this argument in his original § 2255 petition.  Specifically, Petitioner asserts that a consequence of his ineffective representation on appeal was that he was then unable to raise the confrontation issue as part of his original § 2255 petition. Motion at 8.  However, Petitioner has provided no reason why this ineffective counsel argument could not have been made as part of his original petition.  Further, the ineffective counsel argument does not rely "on either a new rule of constitutional law or newly discovered facts," and also does not challenge the original § 2255 habeas proceeding itself.  See Gonzalez, 545 U.S. at 531; see also id. at 532 ("We note that an attack based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." (internal citations omitted)).

Thus, without an applicable exception, the general rule for Rule 60(b) motions on § 2255 judgments would apply to the ineffective counsel argument and this Court must treat this argument as a claim for a successive § 2255 petition. Accordingly, Petitioner's Motion is denied with respect to the ineffective counsel argument because Petitioner was not authorized first by the Ninth Circuit to raise such challenge before this Court.

**III. Petitioner's Fraud Argument is Not Timely Under Rule 60**

Although Plaintiff's fraud argument is not a claim for a successive § 2255 petition, the Court also denies the Motion with respect to this argument because Petitioner has not raised this claim in a timely manner. Petitioner states that he seeks relief from judgment pursuant to Rule 60(b), subsections (4) and (6). Motion at 1. The Government counters that the fraud argument is clearly a form of relief that must be sought under Rule 60(b)(3), which imposes a time limitation, and that any relief under subsection (6) is inappropriate. Response at 8. The Court agrees with the Government.

    **A.    Relief Under Rule 60(b)(3)**

Rule 60(b)(3) provides that the Court may grant relief from judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." See Fed. R. Civ. P. 60(b)(3). A motion for Rule 60(b)(3) relief must be made "no more than a year after the entry of the judgment or order of the date of the proceeding." See Fed. R. Civ. P. 60(c)(1).

Petitioner's fraud argument alleges that the Government "misl[ed] the court" in the original § 2255 proceeding by misrepresenting what issues Petitioner had raised on appeal. Motion at 4-5. The Court finds that this argument falls squarely within Rule 60(b)(3) and not 60(b)(4), as asserted by

Petitioner.[9/]  Petitioner is explicitly alleging "fraud" and "misrepresentation" by the Government (the opposing party) in the original habeas proceeding.  Thus, the fraud argument may only be asserted and evaluated under Rule 60(b)(3).

Claims for relief under subsection (3) are time-barred if not made within "a year after the entry of judgment or order or the date of the proceeding."  See Fed. R. Civ. P. 60(c)(1); accord Nevitt v. United States, 886 F.2d 1187, 1188 (9th Cir. 1989).  The instant Motion seeks relief from judgment entered by this Court on Petitioner's original § 2255 petition, which judgment was entered on July 6, 1999.  See Response Ex. B. Although Petitioner filed a subsequent petition for certificate of appealability, such appeals do not toll the one year period for filing a motion under Rule 60(b)(1)-(3).  Nevitt, 886 F.2d at 1188 ("Although we have not expressly held that pendency of an appeal does not toll the one year period [to file motions for relief under Rule 60(b)(1)-(3)], we do so now.").

---

[9/] Subsection (4) provides that relief may be granted when "the judgment is void."  See Fed. R. Civ. P. 60(b)(4).  The Ninth Circuit has explained that "[a] final judgment is void, and therefore must be set aside under Federal Rule of Civil Procedure 60(b)(4), 'only if the court that considered it lacked jurisdiction . . . over the parties to be bound.'"  S.E.C. v. Internet Solutions for Business, Inc., 509 F.3d 1161, 1165 (9th Cir. 2007).  Petitioner does not argue that this Court lacked jurisdiction over the parties.  Thus, subsection (4) is clearly not the appropriate provision for Petitioner's arguments for relief.  More specifically, the fraud argument could not be considered under subsection (4) because it is clearly an argument that must be adjudicated under subsection (3).

15

Thus, in order for the Court to review such a motion, a 60(b)(3) motion for fraud by the Government in the original habeas proceeding must have been filed within one year after the entry of judgment on July 6, 1999. In fact, the instant Motion was filed on January 29, 2009, more than nine years after the entry of judgment on the original § 2255 petition. Therefore, the Court may not consider the fraud argument because of Petitioner's failure to raise it in a timely manner. See id.; Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam) (holding that because "[the petitioner] did not file his motion for almost three years after the judgment was entered . . . [the petitioner's motion] cannot be granted under Rule 60(b)(3)").

**B.   Relief Under Rule 60(b)(6)**

Petitioner also asserts that he is entitled to relief under Rule 60(b)(6). Subsection (6) allows the Court, on motion and upon such terms as are just, to relieve a party from a final judgment, order, or proceeding for "any reason justifying relief from the operation of the judgment." See Fed. R. Civ. P. 60(b)(6). A motion under Rule 60(b)(6) must be "made within a reasonable time." Id.

Rule 60(b)(6) "has been used sparingly as an equitable remedy to prevent manifest injustice." See Greenwalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). Relief under Rule 60(b)(6) is appropriate "only where extraordinary circumstances prevented

a party from taking timely action to prevent or correct an erroneous judgment."  Id.; see also Picco v. Global Marine Drilling Co., 900 F.2d 846, 851 (5th Cir. 1990) (relief under Rule 60(b)(6) "should be granted only if extraordinary circumstances are present") (internal quotations omitted).  "A party moving for relief under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.'" Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quoting Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006)).

Petitioner has not asserted any "extraordinary circumstances" that prevented him from taking timely action to prevent or correct an erroneous judgment.  Further, the Court has already found that the fraud argument clearly qualifies as a claim for relief pursuant to Rule 60(b)(3).  Thus, it is improper for the Court to also consider the fraud argument under subsection (6) when subsection (3) clearly applies.  See United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005) ("The Rule 60(b)(6) catchall provision applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60."); United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1050 (9th Cir. 1993) ("Rule 60(b)(6) is not a substitute for 60(b)(1)."); In re Hurt, 166 Fed. Appx. 616, 617

(9th Cir. 2001)[10/] ("[60(b)(6)] cannot be used as a back-up for seeking relief that is otherwise available elsewhere in Rule 60(b).").

Therefore, the Court finds that Petitioner is not entitled to relief under Rule 60(b), subsections (3) or (6) for the fraud argument.  Accordingly, the Motion is denied in its entirety, both as to the fraud argument, and as to the ineffective counsel argument.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED that Petitioner's Motion to Amend Petitioner's Petition be DISMISSED and Petitioner's Motion for Relief from Judgment be DENIED. Petitioner must obtain authorization from the Ninth Circuit to file any successive § 2255 petition, or any pleading that is construed as a § 2255 petition, pursuant to 28 U.S.C. § 2244(b)(3)(A).  The Court finds that both the Motion to Amend Petitioner's Petition and the ineffective counsel argument of the 60(b) Motion require such authorization.  Further, Petitioner's fraud argument within his 60(b) Motion for Relief from Judgment, though not a successive § 2255 petition, is denied because it is not timely.

---

[10/] In accordance with U.S. Ct. of App. 9th Cir. Rule 36-3, the Court is not relying on this unpublished opinion, but does find the opinion to be illustrative.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, May 14, 2009.



_____
Alan C. Kay
Sr. United States District Judge

Fuentes v. United States, Civ. No. 08-00095 ACK-KSC; Civ. No. 99-00172 ACK; Cr. No. 95-00534 ACK, Order Dismissing Petitioner's Motion to Amend Petitioner's Petition and Denying Petitioner's Rule 60(b) Motion for Relief from Judgment.