IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SONNY FUENTES | ) | Civ. No.  99-00172 ACK |
| | ) | Civ. No.  08-00095 ACK-KSC |
| Petitioner, | ) | Cr. No.  95-00534 ACK |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY**

On January 29, 2009, Sonny Fuentes ("Petitioner") filed in this Court a petition for habeas corpus ("Petition") and a Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(4) and (6) ("Motion"). In an Order dated May 14, 2009 ("May 2009 Order"), the Court construed the Petition as a successive motion under 28 U.S.C. § 2255 and dismissed it for lack of jurisdiction. May 2009 Order at 8. The Court also dismissed the Motion, finding that one of the arguments asserted in the Motion must be construed as a successive § 2255 petition as well, which the Court did not have jurisdiction to hear, and further finding that the other argument raised in the Motion was not timely under Rule 60(b)(3).[1] Id. at 13, 16.

---

[1] The full history of this case is set out in the May 2009 Order and previous orders and will not be repeated herein.

On June 5, 2009, Petitioner filed a timely Notice of Appeal.[2/]  The Court treats this Notice of Appeal as a request for a Certificate of Appealability ("COA").  See Fed R. App. P. 22(b)(1) ("If an applicant files a notice of appeal, the district court judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue.").

Before appealing a final order in a § 2255 proceeding, a petitioner must obtain a COA.  See 28 U.S.C. § 2253(c)(1) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken [from a final order in a § 2255 proceeding.]")  To obtain a COA, a petitioner must make a "substantial showing of the denial of a constitutional right." See id. § 2253(c)(2).  Petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

In the May 2009 Order, the Court dismissed the Petition on procedural grounds (lack of jurisdiction) without addressing

---

[2/] Along with the Notice of Appeal, Petitioner filed an Affidavit in Support of Rule 60(b) Petition.  The Affidavit reasserts the same arguments made by Petitioner in the original Motion.

the merits of Petitioner's constitutional claims.  When the district court has rejected constitutional claims on procedural grounds without reaching the underlying constitutional claims, the showing required to obtain a certificate of appealability is as follows:  the petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.; see Petrocelli v. Angelone, 248 F.3d 877, 883-84 (9th Cir. 2001).

   The Court concludes that Petitioner fails to satisfy this test.  Petitioner makes no showing that he is entitled to a COA and his Notice of Appeal does not address the reasoning of the Court's May 2009 Order.[3]  In the May 2009 Order, the Court found that Petitioner's fraud argument was not a successive § 2255 petition because it in fact alleged "[a] defect in the integrity of the federal habeas proceedings."  Gonzalez v. Crosby, 545 U.S. 524, 532 (2005).  However, the Court found that such an argument must be raised pursuant to Rule 60(b)(3), and was thus barred by the time limitations imposed by Rule 60.  See

---

[3] The Notice of Appeal does not appear to challenge the Court's dismissal of the Petition as a successive § 2255 petition.  Instead, the Notice of Appeal is apparently only challenging the Court's May 2009 Order as to the 60(b) Motion.

Fed. R. Civ. P. 60(c)(1); accord Nevitt v. United States, 886 F.2d 1187, 1188 (9th Cir. 1989).

In the Notice of Appeal, Petitioner reasserts that he is entitled to relief under subsections (4) and (6) of Rule 60(b). Notice of Appeal at 2-3. However, Petitioner makes no argument to even remotely address the Court's finding as to the applicability of subsection (3) (which precludes the applicability of subsections (4) or (6)) and its time limitations to Petitioner's fraud argument. Thus, the Notice of Appeal does not explain why the Court's application of subsection (3) was improper. Given this insufficiency, a reasonable jurist would not find it debatable whether the Motion presents a valid claim for the denial of a constitutional right, and a reasonable jurist would not debate the propriety of the Court's procedural ruling as to the time limitations for the fraud argument.

In the May 2009 Order, the Court also found that Petitioner's ineffective assistance of counsel argument was a "new ground for relief" that did not rely "on either a new rule of constitutional law or newly discovered facts," and thus could have been raised in the original § 2255 petition, but was not. See Gonzalez, 545 U.S. at 531-32. Thus, the Court found that such an argument must be construed as a successive § 2255 petition to which the Court did not have jurisdiction.

4

In the Notice of Appeal, Petitioner asserts that his counsel's gross negligence in arguing Petitioner's original appeal qualifies as an "extraordinary circumstance" under Rule 60(b)(6).  Notice of Appeal at 4-5.  However, Petitioner does not address why the ineffective assistance argument itself is not one that must be construed as a successive § 2255 petition.  Therefore, a reasonable jurist would not find it debatable whether the Motion presents a valid claim for the denial of a constitutional right.  Further, a reasonable jurist would not debate the propriety of the Court's procedural ruling as to the lack of jurisdiction to address the ineffective counsel argument because it is a successive § 2255 petition.  As Petitioner has already filed more than one § 2255 motion, he needed to obtain authorization from the U.S. Court of Appeals for the Ninth Circuit before filing another one.  See 28 U.S.C. § 2244(b)(3)(A).

Based on precedent and the procedural history of Petitioner's case, the Court is confident that its procedural ruling to dismiss both the Petition and Motion for lack of jurisdiction was sound.  See Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed

further.  In such a circumstance, no appeal would be warranted.").  Therefore, Petitioner has failed to satisfy the required showing for the Court to issue a COA.

The Court notes that Petitioner is undoubtedly aware of the COA requirement.  This Court previously denied his request for a COA in November of 2000 and in June of 2008.  See Order Denying Petition for Certificate of Appealability, Civ. No. 99-00172 ACK, Cr. No. 95-00534 ACK (Nov. 27, 2000); Order Denying Request for Certificate of Appealability, Civ. No. 08-00095 ACK-KSC, Cr. No. 95-00534 ACK (June 12, 2008).  In addition, the Ninth Circuit denied Petitioner's request for a COA in June of 2001 and January of 2009.  See United States of America v. Fuentes, No. 01-15631 (9th Cir. June 18, 2001); United States of America v. Fuentes, No. 08-16459 (9th Cir. Jan. 20, 2009).

Accordingly, Petitioner's request for a COA is DENIED.  Petitioner is advised that this denial does not prevent him from requesting a COA directly from the Ninth Circuit.  See Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1).

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, July 31, 2009.



_____
Alan C. Kay
Sr. United States District Judge

Fuentes v. United States, Civ. No. 99-00172 ACK, Civ. No. 08-00095 ACK-KSC, Cr. No. 95-00534 ACK:  Order Denying Request for Certificate of Appealability.